IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN REZNICKCHECK, | : | Civil No. 3:18-cv-93 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| PA BOARD OF PROBATION AND PAROLE, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner John Reznickcheck ("Petitioner"), is a former inmate who was previously housed at the State Correctional Institution, Huntingdon, Pennsylvania.[1] Petitioner initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, Petitioner alleges that the Pennsylvania Board of Probation and Parole violated his constitutional rights by "illegally" detaining him. (*Id.* at p. 1). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R. 4, and, for the reasons set forth below, the petition will be dismissed as moot.

### I.   Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and

---

[1] Petitioner has been released from custody and is no longer incarcerated. *See* Vinelink online inmate locator, available at: https://www.vinelink.com/#/search.

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## II. Discussion

On September 20, 2016, Petitioner was arrested on charges of indirect criminal contempt due to violation of a Protection from Abuse order. (Doc. 1, p. 2). Petitioner alleges that his due process rights were violated because he was not afforded a detention hearing or a preliminary hearing, and he was held for sixty-two days without seeing his parole agent. (*Id.*). For relief, Petitioner seeks, *inter alia*, immediate release from custody. (*Id.* at p. 3).

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. CONST. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant

2

effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl., Inc.*, 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

In the instant petition, Petitioner seeks immediate release from custody. (Doc. 1, p. 3). Since filing his federal habeas petition, it is clear that Petitioner has been released from custody. *See* Victim Information and Notification Everyday, available at https://www.vinelink.com/.[2] The petition for writ of habeas corpus has been rendered moot

---

[2] Upon entering Petitioner's offender identification number, LA8517, into the online inmate locator system, https://vinelink.com/#/search, his status was returned as follows:

Offender Name: Reznickcheck, John J
Date of Birth: 08/24/1974
Custody Status: Out of Custody

3

by virtue of Petitioner's release from custody. Moreover, Petitioner has not alleged nor can the Court perceive of any collateral consequences to maintain his habeas petition. As there is no longer a live case or controversy, and Petitioner has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV. Conclusion

Based on the foregoing, Petitioner's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed as moot.

A separate Order shall issue.

/ s / Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated:	October 24, 2019